UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO:

FELIX MONZALVO, on behalf of himself and all others
similarly situated,

    Plaintiff,

v.

BATTERBEE ROOFING, INC., A Florida
 Profit Corporation,

    Defendant.

_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff FELIX MONZALVO, on behalf of himself and all others similarly situated ("Plaintiff"), by and through his undersigned counsel, brings this collective action under the Fair Labor Standards Act ("FLSA") against BATTERBEE ROOFING, INC. ("Defendant") for unpaid overtime compensation and hereby states as follows:

## INTRODUCTION

1.    Plaintiff worked as a piece rate paid roofing laborer for Defendant throughout the middle of the State of Florida.

2.    Plaintiff brings this lawsuit on behalf of himself and all other similarly-situated employees of Defendant, who performed similar duties to, and who were paid in the same illegal manner as Plaintiff.

3.    Defendant has a policy and practice of failing to: (1) record the hours worked of piece rate paid roofing laborers; and (2) failing to pay piece rate paid roofing

laborers like Plaintiff full and proper overtime compensation for all overtime hours worked.

4.      This lawsuit is brought as a collective action under the FLSA to recover unpaid overtime compensation owed to Plaintiff and other similarly-situated employees.

5.      Plaintiff will seek conditional certification and notice to an opt-in class of all piece rate paid roofing laborers pursuant to the FLSA, 29 U.S.C. § 216(b), who were employed by Defendant during the three-year period preceding the filing of this action (hereinafter, "Relevant Liability Period").

**JURISDICTION AND VENUE**

6.      The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.

7.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8.      Venue in the Middle District of Florida is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant provides services in this district and is thus considered a resident of this district. Further, a significant portion of the events giving rise to the claim alleged herein occurred within this District.

**PARTIES**

9.      Plaintiff worked for Defendant as a piece rate paid roofing laborer from August 2017, through May 22, 2019.

10.     During the Relevant Liability Period, Plaintiff was a covered employee within the meaning of the FLSA and Defendant treated him as an employee by withholding taxes and other required deductions from his pay.

11.     During the Relevant Liability Period, Defendant failed to pay Plaintiff for all overtime hours worked, and denied Plaintiff overtime compensation for hours worked in excess of forty (40) per week.

12.     Plaintiff filed his Consent to Become Party Plaintiff in this action. *See* attached as *Exhibit A*.

13.     Defendant is a covered employer within the meaning of the FLSA, and during the Relevant Liability Period, Defendant employed Plaintiff and other piece rate paid roofing laborers.

14.     During the Relevant Liability Period, Defendant employed two or more persons, including Plaintiff, and has "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in § 203(s)(1)(A)(i).

15.     During the Relevant Liability Period, Defendant achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

## FACTUAL ALLEGATIONS

16.     Defendant operates a large scale roofing company in Ocala, Florida.

17.     During the relevant limitations period, Defendant has employed numerous piece rate paid roofing laborers, which Plaintiff estimates to be in excess of one hundred (100) or more.

18.     Defendant's piece rate paid roofing laborers are the backbone of the company, providing Defendant's services to the public.

19.     Defendant has employed Plaintiff and similarly situated employees as piece rate paid roofing laborers or in equivalent positions with similar job duties, however titled.

20.     Plaintiff, and those similarly situated, are not exempt from the overtime provisions of the FLSA and are paid on an hourly basis.

21.     Defendant has, and continues to fail to, pay Plaintiff and the putative class proper overtime compensation, as it fails to record their actual hours worked, let alone offer any additional payment for hours worked over forty (40) per week.

22.     Plaintiff and all other similarly situated individuals routinely worked over forty (40) hours in a work week, but were not paid overtime wages for all of that work, as required by the FLSA.

23.      Defendant's policy of wrongfully denying Plaintiff, and the putative class' hours of overtime work is companywide.

24.     Defendant knew, and has known, that Plaintiff and all similarly employees perform work without compensation and has chosen to deny them overtime compensation for performing this work in willful disregard of their rights under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

25.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs through 24.

26.     Plaintiff brings Count I as an opt-in collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following:

> All persons employed by Defendant as piece rate paid
> roofing laborers at any time during the past three years (plus
> any applicable tolling) who were not paid full and proper
> overtime compensation for all overtime hours worked.

27.     Plaintiff reserves the right to amend said class definition consistent with information obtained through discovery.

28. The class is so numerous that joinder of all members is impracticable. There are numerous piece rate paid roofing laborers employed by Defendant in Florida at any one time.

29. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

30. Plaintiff, individually and on behalf of other similarly-situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendant's policies and practices of failing to pay full and proper overtime compensation to all piece rate paid roofing laborers.

31. The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

## COUNT I

### FAILURE TO PAY OVERTIME COMPENSATION TO HOURLY PAID LABORERS IN VIOLATION OF THE FLSA DURING THE FLSA RELEVANT LIABILITY PERIOD

32. Plaintiff re-alleges and incorporates by reference the preceding paragraphs 1 through 31 with respect to all piece rate paid roofing laborers.

33. During the FLSA Relevant Liability Period, Defendant failed to accurately record all hours worked by all piece rate paid roofing laborers, and did not fully compensate piece rate paid roofing laborers for all of their hours worked for Defendant in excess of forty (40) per week as required by Section 207 of the FLSA.

34. Piece rate paid roofing laborers were victims of a common and illegal policy and plan by Defendant to deny them overtime compensation required by the FLSA.

35.     Defendant's failure to pay piece rate paid roofing laborers in accordance with the requirements of Section 207 of the FLSA was in willful disregard of the overtime wage compensation requirements of the FLSA.

36.     Plaintiff, on behalf of himself and other piece rate paid roofing laborers seeks unpaid overtime compensation in an amount to be determined, as well as an equal amount of liquidated damages (or pre-judgment interest in the event liquidated damages are denied), post-judgment interest, and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

<b><u>PRAYER FOR RELIEF</u></b>

**WHEREFORE,** Plaintiff, individually and on behalf of all piece rate paid roofing laborers demands judgment against Defendant and prays this Court:

a.      Issue notice to all piece rate paid roofing laborers who were employed by Defendant at any time during the Relevant Liability Period, informing them of their right to file consents to join this action;

b.      Declare Defendant's policy of failing to keep accurate time records and not paying piece rate paid roofing laborers full and proper overtime pay illegal under the FLSA;

c.      Find that Defendant's violation of the FLSA was willful and impose a three- year statute of limitations period for FLSA claims;

d.      Award Plaintiff and all other piece rate paid roofing laborers unpaid overtime compensation;

e.      Award Plaintiff and all piece rate paid roofing laborers an amount equal to unpaid overtime compensation as liquidated damages under 29 U.S.C. § 216(b);

f.    Award piece rate paid roofing laborers pre-judgment interest if liquidated damages are not awarded;

g.    Award piece rate paid roofing laborers post-judgment interest as provided by law;

h.    Award piece rate paid roofing laborers reasonable attorneys' fees and costs as mandated by Section 216(b) of the FLSA; and

i.    Award piece rate paid roofing laborers such other relief as the Court deems fair and equitable

## JURY DEMAND

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated this 5th day of June, 2019.

Respectfully submitted,

/s/ *NOAH E. STORCH*
Noah E. Storch, Esquire
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Road 84, Suite 103
Davie, Florida 33324
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771
Email: noah@floridaovertimelawyer.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO:

FELIX MONZALVO, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

BATTERBEE ROOFING, INC., A Florida
Profit Corporation,

    Defendant.

_____/

## CONSENT TO BECOME PARTY PLAINTIFF

    I, _Felix Monzalvo_____, consent to become the party plaintiff in the above-styled Lawsuit.


Date:  June 4, 2019

Signature: _Felix_____

Print:   _Felix Monzalvo_____